*In re* CORBY.

1. NOTARIES—ACKNOWLEDGMENT—INSANE PERSONS.
   A notary has a right to execute the notarial certificate to petition for writ of *habeas corpus* and ancillary writ of certiorari signed by petitioner who had been adjudicated an insane person (3 Comp. Laws 1929, § 15210, subd. [7]).

2. HABEAS CORPUS—CERTIORARI—SUFFICIENCY OF VERIFICATION.
   Verification of petition for writs of *habeas corpus* and ancillary certiorari is treated as sufficient where, although notary witnessed signature and accepted acknowledgment of person who had been adjudicated insane and committed, notary refused to sign the notarial certificate because of such adjudication (3 Comp. Laws 1929, § 15210, subd. [7]).

3. SAME—STATUTES—JURISDICTION—SUFFICIENCY OF PETITION.
   Petition for writ of *habeas corpus* and ancillary writ of certiorari for release from hospital for the insane, which, although petitioner is represented by an attorney, does not comply with statute requiring that copy of warrant, order or process under which commitment was had be annexed or sufficient reason for failure to do so be averred was insufficient to confer jurisdiction upon Supreme Court (3 Comp. Laws 1929, § 15210, subd. [4]).

4. COSTS—HABEAS CORPUS—JURISDICTION.
   No costs are allowed upon denial of petition for writ of *habeas corpus* and ancillary writ of certiorari to secure release of petitioner from hospital for insane persons, because petition failed to confer jurisdiction on Supreme Court.

Petition by Reuben George Corby for writs of *habeas corpus* and accompanying certiorari to inquire into his detention by Dr. Thomas K. Gruber, superintendent of Eloise Hospital, Wayne county,

Michigan. On motion to quash writ because of insufficiency of petition. Submitted March 14, 1939. (Calendar No. 40,418.) Writs dismissed April 4, 1939. Rehearing denied April 25, 1939.

*Don M. Harlan,* for petitioner.

*Duncan C. McCrea,* Prosecuting Attorney, and *Russell C. Duncan,* Assistant Prosecuting Attorney, for defendant.

POTTER, J. Reuben George Corby petitions for *habeas corpus* and an ancillary writ of certiorari to review the proceedings under which he alleges he is unlawfully imprisoned and confined in Eloise hospital. He contends that Edith C. Clark who filed the petition to have him declared insane and committed to an asylum was pecuniarily interested; that she became guardian of his estate and utilized such guardianship by taking possession of his home; that she acted in bad faith in filing such petition; that the petition failed to state facts sufficient to support an adjudication of insanity; that he was refused the right to a trial in open court; that it was impossible for him to obtain counsel or otherwise make appearance; that he was not produced in court at the date of the hearing; that no proper notice of hearing was ever served on him; that the proceedings were in violation of his constitutional rights; that he was committed in the total absence of a trial in open court; that he was not granted a jury trial prior to such conviction; and that he was not committed under any legal process whatever.

The application was signed by petitioner and sworn to before a notary public as appears by the affidavit annexed thereto, but, on account of peti-

tioner having been adjudged insane, the notary refused to attach his notarial certificate thereto.

Defendant returns that petitioner is held in pursuance of an order of commitment of the probate court of Wayne county, dated June 19, 1931, a copy of which order is attached to the answer; and that since that order no order has been entered declaring petitioner to be of sound mind, and no such order has been served on defendant; and no order directing the release or discharge of petitioner has ever been made or served.

Motion to quash the writ of *habeas corpus* was made by the prosecuting attorney of Wayne county upon the ground the petition did not comply with 3 Comp. Laws 1929, § 15210, subd. (4) (Stat. Ann. § 27.2254), which provides: "If the confinement be by virtue of any warrant, order or process, a copy thereof must be annexed; or it must be averred, that for some sufficient reason, a demand of such copy could not be made; or that such demand was made, and that such copy was refused;" that the petition does not comply with subdivision (7) of said section of the statute for the reason it is not verified on the oath of the party making the application. Attached to this motion is the affidavit of Frank Straub, the notary before whom the petition was sworn to, who says that when he discovered petitioner had been committed as an insane person, believing he had no legal right to sign such petition as a notary, he refused to sign the notarial certificate and that as long as there remained any doubt he deemed it inadvisable to sign the document as a notary even though he had witnessed petitioner's signature and accepted his acknowledgment.

Undoubtedly, the notary had a right to execute the notarial certificate, and, under the circumstances,

we treat the verification of the petition as sufficient.

Petitioner appears herein by attorney. It does not appear from the petition filed there was any compliance with, or attempt to comply with, 3 Comp. Laws 1929, § 15210, subd. (4). The petition is insufficient to confer jurisdiction upon this court and is, therefore, dismissed, but without costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.